**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| \* \* \* \* \* \* \* \* | |
| **CHARLES R. YARNELL** | \* |
| 5043 Brinthaven Drive | \* **Case No.** |
| Sylvania, Ohio 43560 | |
| | \* **Judge** |
| Plaintiff, | |
| | \* |
| | **COMPLAINT; JURY DEMAND** |
| v. | \* **ENDORSED HEREON** |
| | \* |
| **BOARD OF EDUCATION OF THE** | Francis J. Landry (0006072) |
| **SPRINGFIELD LOCAL SCHOOL** | \* Katherine A. Pawlak (0086885) |
| **DISTRICT, LUCAS COUNTY, OHIO** | **WASSERMAN, BRYAN, LANDRY &** |
| Aka and/or dba **SPRINGFIELD LOCAL** | \* **HONOLD, LLP** |
| **SCHOOLS** | \* 1090 West South Boundary, Suite 500 |
| 6900 Hall Street | Perrysburg, Ohio 43551 |
| Holland, Ohio 43528 | \* Telephone: (419) 243-1239 |
| | \* Facsimile: (419) 243-2719 |
| | Email: FLandry308@aol.com |
| | \*       kpawlak@wblhlaw.com |
| Defendant. | \* Attorney for Plaintiff, |
| | Charles R. Yarnell |
| | \* |
| \* \* \* \* \* \* \* \* | |

**JURISDICTION**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201

and 2202.  This is an action for a violation of 29 USC Sections 2601 et seq., known as the Family

and Medical Leave Act. This action, in part, is one for money damages, reinstatement, and

liquidated damages resulting from an alleged unlawful termination of employment. This Court's

supplemental jurisdiction is also invoked over state law claims of disability discrimination.

## PARTIES

2.    Plaintiff, Charles R. Yarnell ("Plaintiff"), is a resident of the City of Sylvania, County of

Lucas, State of Ohio, who was employed by Defendant as Night Maintenance. At all times material

hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical

Leave Act, Americans with Disabilities Act and Chapter 4112 of the Ohio Revised Code in that

the Plaintiff was employed for more than twelve months and worked more than 1,250 hours during

the 12 months preceding his termination.

3.    Defendant, The Board of Education of Springfield Local Schools, Lucas County, Ohio, is a

public school system for Springfield, County of Lucas, State of Ohio, established under the laws

of the State of Ohio, and is an employer within the meaning of the Family and Medical Leave Act,

Americans with Disabilities Act and Chapter 4112 of the Ohio Revised Code in that at all times

material hereto, it has employed more than fifty (50) employees.

## FACTS

4.    Plaintiff was employed by Defendant as Night Maintenance.

5.    Plaintiff had a contract with Defendant for one year, which ended on June 30, 2017.

Thereafter, he had a two year contract with Defendant from July 1, 2017 through June 30, 2019.

6.    Plaintiff received his only performance evaluation from Defendant on December 13, 2018.

The evaluation was dated October 31, 2018.

7.    On February 1, 2019, Plaintiff suffered from a perforated bowel, which required a trip to the

emergency room and surgery.

8.    Plaintiff required an FMLA leave of absence due to his serious medical condition of a perforated bowel, which necessitated time off work.

9.    Plaintiff needed time off work for the duration of February of 2019 and March of 2019.

10.   Plaintiff was provided no facts or description of any alleged deficiencies in his work since the evaluation he received on December 13, 2018, less than 2 months prior to his leave of absence.

11.   On March 14, 2019, Plaintiff provided a return to work note from his physician, which included a restriction that Plaintiff was not able to lift over 35 pounds.

12.   Plaintiff was not permitted to return to work, and was told that he had to return with no restrictions. He was told that there was no light duty work.

13.   Plaintiff's job duties did not require lifting over 35 pounds, and he would have been able to complete the essential functions of his position with a reasonable accommodation of no lifting.

14.   Defendant failed to engage in any interactive process to determine if there was an accommodation that could be made for Plaintiff to return to work.  Instead, it simply stated that Plaintiff must return with no restrictions.

15.   Defendant voted on April 30, 2019 to not renew Plaintiff's contract. At the time of the vote, Defendant was aware of Plaintiff's FMLA leave and disability.

**FIRST CLAIM FOR RELIEF**
**Family Medical Leave Act – 29 U.S.C. §§ 2601 et seq.**

16.   Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifteen (15) of this Complaint, supra, by reference in its entirety as if fully restated herein.

17.   Plaintiff states at all times material hereto he was meeting or exceeding Defendant's reasonable expectations.

18.   Plaintiff states that at all times material hereto Defendant employed more than fifty (50) employees and is a covered employer under the Family and Medical Leave Act.

19.   Plaintiff states that he suffers from a serious health conditions, as detailed previously.

20.   At the end of his employment, Plaintiff used FMLA leave for his serious medical condition.

21.   Plaintiff was terminated allegedly due to attendance issues, and for Plaintiff's performance "not improving" since his last evaluation. Said reasons are false and pretextual, as Plaintiff's most recent absence was due to an FMLA qualifying condition. Furthermore, Plaintiff was provided no facts or description of any alleged deficiencies in his work since the evaluation he received on December 13, 2018, less than 2 months prior to his leave of absence.

22.   Plaintiff contends that Defendant's action in terminating Plaintiff constituted interference, discrimination and retaliation against Plaintiff because of  his use of FMLA leave.

23.   As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation, and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq

24.   Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-three (23) of this Complaint, supra, by reference in its entirety as if fully restated herein.

25.   Plaintiff states that on August 19, 2019, he filed a charge of discrimination against Defendant, based upon disability discrimination with the Ohio Civil Rights Commission and the U.S. Equal Employment Opportunity Commission.  Charge Number 22A-2019-03143 attached hereto as Exhibit A and incorporated by reference as if fully restated herein. On September 21, 2020, the District Director of the EEOC issued to Plaintiff a Notice of Right to Sue advising him of his right to file suit in an appropriate federal court within ninety (90) days of his receipt of said notice, attached as Exhibit B.

4

26.  Plaintiff states that he is a disabled individual within the meaning of 42 U.S.C. Sections 12101 et seq.  Alternatively, Plaintiff was disabled on the basis of his record of medical impairments and because he was perceived by defendant as being disabled.  Although disabled, Plaintiff is able to safely and substantially perform the essential functions of his job with or without an accommodation.

27.  Plaintiff states that he suffers from a serious medical condition, as detailed previously. This disabling condition severely impacted his daily life activities and bodily functions including but not limited to digestion and bowel functions.

28.  Plaintiff was qualified for his position based upon his education and experience.

29.  On February 1, 2019, Plaintiff suffered from a perforated bowel, which required a trip to the emergency room and surgery.

30.  Plaintiff required an FMLA leave of absence due to his serious medical condition of a perforated bowel, which necessitated time off work for the duration of February of 2019 and March of 2019.

31.  On March 14, 2019, Plaintiff provided a return to work note from his physician, which included a restriction that Plaintiff was not able to lift over 35 pounds.

32.  Plaintiff was not permitted to return to work, and was told that he had to return with no restrictions. He was told that there was no light duty work.

33.  Plaintiff's job duties did not require lifting over 35 pounds, and he would have been able to complete the essential functions of his position with a reasonable accommodation of no lifting.

34.  Defendant failed to engage in any interactive process to determine if there was an accommodation that could be made for Plaintiff to return to work.  Instead, it simply stated that Plaintiff must return with no restrictions.

35.  Defendant voted on April 30, 2019 to not renew Plaintiff's contract. At the time of the vote, Defendant was aware of Plaintiff's FMLA leave and disability.

36.  Plaintiff was terminated allegedly due to attendance issues, and for Plaintiff's performance "not improving" since his last evaluation. Said reasons are false and pretextual, as Plaintiff's most recent absence was due to an FMLA qualifying condition. Furthermore, Plaintiff was provided no facts or description of any alleged deficiencies in his work since the evaluation he received on December 13, 2018, less than 2 months prior to his leave of absence.

37.  Upon information and belief, Plaintiff's position was not filled after his termination.

38.  Plaintiff states that in failing to provide a reasonable accommodation and in terminating his employment, the Defendant violated and/or intentionally violated Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117

39.  As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Disability Discrimination, Ohio Revised Code Section 4112.02

40.  Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-nine (39) of this Complaint, supra, by reference in its entirety as if fully restated herein.

41.  Plaintiff states that he is a disabled individual within the meaning of Ohio Revised Code Section 4112.02(a)(13).  Alternatively, Plaintiff was disabled on the basis of his record of medical impairments and because he was perceived by defendant as being disabled.  Although disabled, Plaintiff is able to safely and substantially perform the essential functions of his job with or without an accommodation.

6

42.  Plaintiff states that he suffers from a serious medical condition, as detailed previously. This disabling condition severely impacted his daily life activities and bodily functions including but not limited to digestion and bowel functions.

43.  Plaintiff was qualified for his position based upon his education and experience.

44.  On February 1, 2019, Plaintiff suffered from a perforated bowel, which required a trip to the emergency room and surgery.

45.  Plaintiff required an FMLA leave of absence due to his serious medical condition of a perforated bowel, which necessitated time off work for the duration of February of 2019 and March of 2019.

46.  On March 14, 2019, Plaintiff provided a return to work note from his physician, which included a restriction that Plaintiff was not able to lift over 35 pounds.

47.  Plaintiff was not permitted to return to work, and was told that he had to return with no restrictions. He was told that there was no light duty work.

48.  Plaintiff's job duties did not require lifting over 35 pounds, and he would have been able to complete the essential functions of his position with a reasonable accommodation of no lifting.

49.  Defendant failed to engage in any interactive process to determine if there was an accommodation that could be made for Plaintiff to return to work.  Instead, it simply stated that Plaintiff must return with no restrictions.

50.  Defendant voted on April 30, 2019 to not renew Plaintiff's contract. At the time of the vote, Defendant was aware of Plaintiff's FMLA leave and disability.

51.  Plaintiff was terminated allegedly due to attendance issues, and for Plaintiff's performance "not improving" since his last evaluation. Said reasons are false and pretextual, as Plaintiff's most recent absence was due to an FMLA qualifying condition. Furthermore, Plaintiff was provided no

facts or description of any alleged deficiencies in his work since the evaluation he received on

December 13, 2018, less than 2 months prior to his leave of absence.

52.   Upon information and belief, Plaintiff's position was not filled after his termination.

53.   Plaintiff states that in failing to provide a reasonable accommodation and in terminating his

employment Defendant violated Plaintiff's rights under Section 4112.02(A) made actionable

pursuant to Ohio Revised Code Section 4112.99 as amended on the basis of disability.

54.   As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered

personal and financial damage, harassment, and great mental and emotional stress, anxiety,

humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's

fees.


WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and

punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs,

interest and reasonable attorney fees.  Plaintiff seeks an amount of liquidated damages equal to her

damages and costs and attorneys fees all together with prejudgment and post judgment interest.

Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.


Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**


**s/Francis J. Landry**
Francis J. Landry
Attorney for Plaintiff, Charles R. Yarnell

**<u>JURY DEMAND</u>**

Plaintiff demands a jury trial as to all issues to triable in the within cause.

s/Francis J. Landry
Francis J. Landry